IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20046
Conference Calendar
_____

RALPH WESLEY ROGERS, SR.,

                                        Plaintiff-Appellant,

versus

RICHARD TRINCI ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-93-0068
- - - - - - - - - - -
June 28, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Ralph Wesley Rogers, Sr., has not shown that the change in
lifting restriction was a wanton action that Dr. Berry knew or
should have known would cause a substantial risk to his health.
See Farmer v. Brennan, 114 S. Ct. 1970, 1981 (1994).

        With respect to the claim of retaliation, it is well settled
that an inmate may not be retaliated against because he exercises
his right to access to the courts. Gibbs v. King, 779 F.2d 1040,
1046 (5th Cir.), cert. denied, 476 U.S. 1117 (1986).  However, if

_____

        [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

the conduct alleged to constitute retaliation does not, by itself, raise the inference that such conduct was retaliatory, the assertion of the claim itself without supporting facts is insufficient.  <u>Whittington v. Lynaugh</u>, 842 F.2d 818, 819 (5th Cir.), <u>cert.</u> <u>denied</u>, 488 U.S. 840 (1988).

Rogers has not sufficiently alleged deliberate indifference to his serious medical needs resulting from his medical classification and resultant work assignment; therefore he has not alleged conduct that would raise an inference of retaliatory conduct.  Other than his bare assertions, Rogers provided no facts to suggest that his medical treatment and work assignments were in any way connected to his legal activities.

AFFIRMED.